**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## 24-20317-CR-BECERRA/TORRES
Case No._____

18 U.S.C. § 1956(a)(3)(B)
18 U.S.C. § 1956(h)
18 U.S.C. § 1960
18 U.S.C. § 982

FILED BY_____ *MP* ____D.C.

*Jul 25, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

**vs.**

**RANDY RENDON,**

        **Defendant.**
_____/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Engage in Money Laundering**
**(18 U.S.C. § 1956(h))**

From at least as early as on or about August 3, 2022, and continuing through on or about

August 15, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the

defendant,

**RANDY RENDON,**

did knowingly and voluntarily combine, conspire, confederate, and agree with persons known and

unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18,

United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting

interstate and foreign commerce involving property, that is, funds and monetary instruments, including

United States currency, represented by an individual acting at the direction of, and with the approval

of, an authorized law enforcement officer, to be proceeds of a specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership, and control of the property believed to be the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity was represented to be importing, distributing, selling and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
### (18 U.S.C. § 1956(a)(3)(B))

On or about February 22, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RANDY RENDON,**

did conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments including United States currency, represented by a law enforcement officer to be the proceeds of specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of said property, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity is the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States.

## COUNT 3
### (18 U.S.C. § 1956(a)(3)(B))

On or about August 15, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### RANDY RENDON,

did conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments including United States currency, represented by a law enforcement officer to be the proceeds of specified unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership and control of said property, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity is the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States.

## COUNT 4
### (18 U.S.C. § 1960)

1.    Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means including, but not limited to, transfers within this country or to locations abroad by wire, check, draft, facsimile or courier.

2.    Title 18, United States Code, Section 1960(b)(1)(A) requires money transmitting businesses which affect interstate or foreign commerce in any manner or degree to possess an appropriate moony transmitting license from the State in which they operate.

3.    At all times relevant to this Indictment, money transmitters operating in the State of Florida were required to register under Florida law, and operating a money transmitting business without authorization was punishable as a felony under Florida law.

4.     At no time relevant to this Indictment did defendant **RANDY RENDON** register with the State of Florida or obtain a license from the State of Florida to operate a money transmitting business.

5.     Beginning at least as early as July 2022, and continuing until on or about November 14, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RANDY RENDON,**

did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United State Code, Section 1960(b), by transferring funds within this country and to locations abroad, on behalf of the public by any and all means including wire transfers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony, in violation of Title 18, United States Code, Sections 1960(a) and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RANDY RENDON**, has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1956, or 1960, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.     The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

4

a.     Approximately $27,715.74 from Charles Schwab Bank account number 440034564698 in the name of Randy Rendon;

b.     Approximately $91,085.94 from Ocean Bank account number 2515223105 in the name of Kanz Group, LLC;

c.     Approximately $30,167.52 from Ocean Bank account 2622147006 in the name of Randy Rendon;

d.     Approximately $6,039.03 from Ocean Bank account 2622146205 in the name of Tek81, LLC; and

e.     Approximately $5,046.40 from Ocean Bank account 2622148905 in the name of Randy Rendon, PA.

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

YARA DODIN
ASSISTANT UNITED STATES ATTORNEY

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.: 24-20317-CR-BECERRA/TORRES**

v.

**CERTIFICATE OF TRIAL ATTORNEY**

**RANDY RENDON,**

_____/
                    Defendant.

**Court Division** (select one)

☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take __4__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)
    I    ☒ 0 to 5 days
    II   ☐ 6 to 10 days
    III  ☐ 11 to 20 days
    IV   ☐ 21 to 60 days
    V    ☐ 61 days and over

    (Check only one)
    ☐ Petty
    ☐ Minor
    ☐ Misdemeanor
    ☒ Felony

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

9.  Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Yara Dodin
Assistant United States Attorney
FL Bar No.        0124979

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  RANDY RENDON

**Case No:**

Count #: 1

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 2-3

Money Laundering

Title 18, United States Code, Section 1956(a)(3)(B)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Unlicensed Money Remitter

Title 18, United States Code, Section 1960

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**